**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| TIARA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 23 CV 15439 |
| ) | |
| CORNERNSTONE SERVICES, INC., ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Now comes the Plaintiff, Tiara Thomas ("Thomas"), through counsel, Vaziri Law LLC,

and in complaining of the Defendant, Cornerstone Services, Inc. ("CSI"), states as follows:

### JURISDICTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.*

2. This action is also brought pursuant to the Illinois Human Rights Act, 775 ILCS

5/2-102 ("IHRA").

3. Federal question jurisdiction arises under 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Thomas' state law claims pursuant

to 28 U.S.C. § 1367.

### VENUE

5. Pursuant to 28 U.S.C. § 1391, venue is proper in this district because a substantial

part of the events or omissions giving rise to the claims occurred in this district.

### PARTIES

6. Thomas is a resident of Algonquin, McHenry County, Illinois.

7. The Defendant is an Illinois not-for-profit corporation with its principal office in Joliet, Will County, Illinois.

8. At all relevant times, the Defendant was an employer pursuant to Title VII and the IHRA.

9. At all relevant times until her termination, Thomas worked for the Defendant and was an "employee" pursuant to Title VII and the IHRA.

**FURTHER ALLEGATIONS COMMON TO ALL COUNTS**

10. On or around June 29, 2020, Cornerstone hired Thomas as an on-call direct support professional.

11. On or around December 2021, Thomas became a childcare worker for Cornerstone.

12. Thomas' primary duties as a childcare worker were to visit group homes owned by Cornerstone where residents live and to help them by providing, amongst other things, nursing services, maintaining the home, meal services, helping with schoolwork, taking them out for activities and entertainment, and so on.

13. At all relevant times, Cynthia April ("April") was a Lead Child Care Worker and Thomas' team lead.

14. On or around March 12, 2021, April shared intimate details about her genitalia and sexual intercourse experiences with Thomas.

15. On or around March 15, 2021, April asked Thomas how old she was and what age men is the oldest she would be romantically and sexually interested in.

16. On or around April 8, 2021, April made suggestive, sexual comments about Thomas having a crush on her supervisor, Rodney Baker ("Baker"), and knowing her "secret" (implying I had some sort of secret, romantic relationship with Baker).

17. On or around April 9, 2021, April again made comments about Thomas being in a secret, sexual relationship with Baker, and suggested that Thomas had a crush on a new male employee, Jules Wilcox ("Wilcox").

18. On or around April 16, 2021, April again accused Thomas of being in a sexual relationship with Baker.

19. On or around April 21, 2021, April began referring to Wilcox as "[Thomas'] man" and began insisting that they work the same rotation.

20. On or around April 23, 2021, after returning from a long break, April asked Thomas and Wilcox whether they had enough time to engage in a "sexual act" at the residential community home while she was away.

21. On or around April 24, 2021, April asked Thomas if she had ever kissed, slept with, or visited Baker's home.

22. On or around April 25, 2021, April continued to make comments to Thomas implying that Baker was "[Thomas'] man" and that he put her before anybody.

23. On or around April 27, 2021, April told Thomas that Baker was interested in her and that he would let her work any shift she wanted if she just said "daddy please." April also made comments about Thomas being sexually involved with both Baker and Wilcox.

24. On or around April 29, 2021, while April, Thomas, and Wilcox were driving a client to a doctor's appointment, April told Thomas that she and Wilcox could engage in sexual acts in the van and she would act like she didn't see anything.

3

25. On or around May 7, 2021, while working with Thomas, April made sexual comments to Thomas about a client's shoe size and genital size.

26. On or around May 21, 2021, Thomas' coworker, Barbara Johnson ("Johnson"), told her that April told Johnson that Thomas was having sex with Baker in the basement of one of the residential community homes where they worked.

27. On or around May 25, 2021, April told Thomas about an employee who commented on her perfume and said that something else would smell good on the employee while pointing at her genitals.

28. On or around May 26, 2021, Thomas' coworker, Jasyn Hurt ("Hurt"), told her that April told him and Vanessa Arteaga ("Arteaga"), Thomas' Residential Coordinator, that Thomas would perform sexual acts with Baker while on her lunch breaks at the home where she worked.

29. On or around May 26, 2021, Hurt told Thomas that April had called her "low down" and "dirty" based on the allegation that Thomas would have sex with Baker at the home where they worked.

30. On or around May 28, 2021, Thomas and Baker coincidentally both took the day off. On or around May 29, 2021, April told Hurt that Thomas and Baker called in on the same day because they were sleeping with each other.

31. On or around June 17, 2021, Baker had to come to the home where he worked with Thomas to complete a task that needed urgent attention, so he had his kids in the car with him. While at the home, April told Thomas to "go babysit your step-kids" implying that Thomas was having a sexual relationship with Baker.

4

32. On or around January 20, 2022, April told Thomas' coworkers that if Thomas showed up to work in comfortable clothing, it was because Thomas had just come from Bakers' home after having had sex with him.

33. On or around January 20, 2022, April intimidated and threatened Thomas during a team meeting.

34. Because Thomas' managers didn't do anything in response to April's threats towards Thomas at the meeting and because she feared for her safety, Thomas filed a police report on or around January 24, 2022. Thomas also filed a grievance with CSI on or around January 25, 2022.

35. Other than the specific instances recited above, April sexually harassed Thomas at other times too, but Thomas cannot recall exact details as to each such incident.

36. Thomas reported April's conduct to CSI, including to Human Resources, but CSI did not properly and timely address her reports. It was only after being sexually harassed for around a year and after Thomas filed a police report because CSI was not adequately addressing her reports that CSI finally transferred April to another residential home away from Thomas.

37. Eventually, the harassment became so severe that Thomas was forced to separate from CSI for her well-being.

38. Thomas filed a Charge, alleging sex discrimination and retaliation, with the EEOC on 7/29/22.

39. Thomas filed an Amended Charge, making the same allegations, with the EEOC on 6/6/23.

40. The EEOC issued Thomas a Right to Sue Letter on 8/4/23. (See Copy of Right to Sue Letter attached hereto as Exhibit A).

**COUNT I—VIOLATION OF TITLE VII**
**(Sexual Harassment—Hostile Work Environment)**

41.     Thomas realleges paragraphs 1-40 as though fully set forth herein.

42.     CSI, through its agent/employee, April, harassed Thomas because of her sex.

43.     At all relevant times, Thomas let April and CSI know that April's conduct was unwelcome and offensive.

44.     April's conduct was frequent, severe, and pervasive enough to alter Thomas' work environment to the point where it interfered with her ability to do her job and render it abusive.

WHEREFORE, the Plaintiff, Tiara Thomas, respectfully requests that this Court enter an order granting the following relief:

A.     A declaration that the Defendant has violated Title VII;

B.     An award for back pay, front pay, and the accompanying value of benefits lost, as applicable;

C.     An award for compensatory and punitive damages in an amount sufficient to punish the Defendant for its willful past sexual harassment and to deter it from engaging in such discriminatory practices in the future;

D.     An award for pre-judgment interest and post-judgment interest;

E.     An award for the Plaintiff's reasonable attorney's fees and costs;

F.     And whatever other relief this Court deems just and proper.

**COUNT II—VIOLATION OF THE IHRA**
**(Sexual Harassment—Hostile Work Environment)**

45.     Thomas realleges paragraphs 1-44 as though fully set forth herein.

46.     Defendant subjected Thomas to sexual harassment in violation of Section 2-102(D) of the IHRA.

WHEREFORE, the Plaintiff, Tiara Thomas, respectfully requests that this Court enter an order granting the following relief:

A. A declaration that the Defendant has violated the IHRA;

B. An award for back pay, front pay, and the accompanying value of benefits lost, as applicable;

C. An award for compensatory and punitive damages in an amount sufficient to punish the Defendant for its willful past sexual harassment and to deter it from engaging in such discriminatory practices in the future;

D. An award for pre-judgment interest and post-judgment interest;

E. An award for the Plaintiff's reasonable attorney's fees and costs;

F. And whatever other relief this Court deems just and proper.

## COUNT III—VIOLATION OF TITLE VII
### (Retaliation)

47. Thomas realleges paragraphs 1-44 as though fully set forth herein.

48. Thomas reported April's conduct to various agents/employees of CSI, including managers and to Human Resources. Thomas made these reports verbally and via email and/or documentary submissions. Thomas also filed a police report against April, and CSI was aware of it.

49. In response to her reports of being subjected to sexual harassment, CSI, through its agents/employees, retaliated against Thomas in the following ways:

(i) depriving her of an equal opportunity to work overtime;

(ii) allowing other employees to take actions that resulted her to work shifts alone;

(iii) allowing other employees to take actions that forced her to take clients/residents to appointments that had been cancelled;

(iv)    allowing Thomas to work shifts with supervisor(s) (i.e. April) that would not answer her emergency calls when she needed help in violation of company policy;

(v)    denying her vacation that she had already been approved for; and

(vi)    forcing her to work under unreasonable and abusive increased scrutiny.

WHEREFORE, the Plaintiff, Tiara Thomas, respectfully requests that this Court enter an order granting the following relief:

A.    A declaration that the Defendant has violated Title VII;

B.    An award for back pay, front pay, and the accompanying value of benefits lost, as applicable;

C.    An award for compensatory and punitive damages in an amount sufficient to punish the Defendant for its willful past sexual harassment and to deter it from engaging in such discriminatory practices in the future;

D.    An award for pre-judgment interest and post-judgment interest;

E.    An award for the Plaintiff's reasonable attorney's fees and costs;

F.    And whatever other relief this Court deems just and proper.

## COUNT IV—VIOLATION OF THE IHRA
### (Retaliation)

50.    Thomas realleges paragraphs 1-49 as though fully set forth herein.

51.    Defendant retaliated against Thomas in violation of Section 6-101(A) of the IHRA.

WHEREFORE, the Plaintiff, Tiara Thomas, respectfully requests that this Court enter an order granting the following relief:

A.    A declaration that the Defendant has violated the IHRA;

B.    An award for back pay, front pay, and the accompanying value of benefits lost, as applicable;

C.  An award for compensatory and punitive damages in an amount sufficient to punish the Defendant for its willful past sexual harassment and to deter it from engaging in such discriminatory practices in the future;

D.  An award for pre-judgment interest and post-judgment interest;

E.  An award for the Plaintiff's reasonable attorney's fees and costs;

F.  And whatever other relief this Court deems just and proper.

**Jury trial demanded.**

Respectfully submitted,

/s/   Pasha Vaziri
*Counsel for Plaintiff*

Pasha Vaziri, Esq.
Vaziri Law LLC
111 W. Washington St., Ste. 1500
Chicago, IL 60602
(312)690-2610
pvaziri@vaziri.law
ARDC No.: 6301091